THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MYRON BILLUPS, Defendant-Appellee.

Fifth District   No. 5—98—0336

Opinion filed December 29, 1998.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Richard Sturgeon, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

On April 25, 1997, an indictment was filed charging Myron Billups with two counts of improper solicitation of an application for an absentee ballot, violations of section 29—20(1) of the Election Code (10 ILCS 5/29—20(1) (West 1996)), and with one count of perjury, a violation of section 29—10(a) of the Election Code (10 ILCS 5/29—10(a) (West 1996)). Prior to trial, the court granted Billups' motion to suppress his testimony to the grand jury. The State appeals. We affirm.

Deputy Sheriff Lee Mohme was involved in an investigation of criminal matters involving Myron Billups. Mohme needed to speak to Billups concerning possible voter fraud. The deputy contacted Billups on March 19, 1997, and advised him that he was investigating absentee voter fraud. Billups was never advised of any rights. According to the report of proceedings, Mohme and Investigator Schilli continued to ask Billups questions even though Billups told them, "I ain't got nothing to say." After finding Billups unwilling to cooperate, Mohme served him with a grand jury subpoena. On June 1, 1998, Billups filed a motion to suppress the testimony he gave to the grand jury.

A trial court's ruling on a motion to suppress will not be reversed unless it is manifestly erroneous. *People v. McKinney*, 274 Ill. App. 3d 880, 888, 655 N.E.2d 40, 45 (1995). Section 112—4(b) of the Code of Criminal Procedure of 1963 provides in pertinent part:

"Any person subpoenaed who is already charged with an offense or against whom the State's Attorney is seeking a Bill of Indictment shall have the right to be accompanied by counsel who shall advise him of his rights during the proceedings but may not participate in any other way. Before any testimony is given by such a person, he shall be informed that he has the right to refuse to answer any question that will tend to incriminate him, that anything he says may be used against him in a court of law, that he has the right to be accompanied and advised of his rights by

counsel, and that he will have counsel appointed for him if he cannot afford one." 725 ILCS 5/112—4(b) (West 1996).

Defendant appeared before the grand jury on March 21, 1997. After being sworn in, he responded to the assistant State's Attorney's questions as follows:

"Q. I'm going to advise you, Mr. Billups, that you were just sworn by the Grand Jury Chairperson, foreperson, so you're now under oath; do you understand that, sir?

A. Yes.

Q. And you understand further that any answers that you give to the Grand Jury are sworn testimony, that there is an ongoing investigation pursuant to voter fraud in East St. Louis[,] and [that] any statements you make to the Grand Jury could be used in a prosecution of any criminal offenses in which you are involved; do you understand that?

A. Yes, I understand it.

Q. Okay. Well, are you willing to talk to the Grand Jury or do you feel you need to consult with an attorney or would you rather not talk to the Grand Jury at all and assert your Fifth Amendment right against self-incrimination?

A. I done nothing to incriminate myself.

Q. Sir, I'm not actually saying that you have, but the question I need you to answer on the record is[,] do you, having been advised of your rights at this point[—]are you willing to talk to the Grand Jury?

A. I'll talk to the Grand Jury about my involvement in the election process."

At the hearing on the motion to suppress the grand jury testimony, Billups testified that Investigator Mohme told him on March 19, 1997, that he was required to appear before the grand jury. Defendant testified that he was not advised of his rights. He testified that he did not consult an attorney prior to his appearance before the grand jury and that he was unaware that he could bring an attorney with him into the grand jury room.

The State argues that the statutory admonishments required to be given to the target of an indictment did not apply to Billups because the State was not yet certain that defendant would be indicted. The State first asserts that at the time of the grand jury investigation, Billups may have been merely a witness by whose testimony the grand jury was attempting to learn whether a crime had been committed. Hence, the State was not required to admonish Billups of his rights before testifying. The State also argues that, assuming that Billups was a target, he was sufficiently informed of his rights.

■ Contrary to the State's argument that Billups was not a target

of an indictment when he appeared before the grand jury, it is clear from the record that Billups was indeed a target. At the hearing on the motion to suppress the State advised the court:

> "*I won't represent to this Court that we weren't considering Mr. Billups as a target, because we were,* [and] for that reason he was advised and given the rights that were given to him, [and] any statement that he made subsequent to receiving those rights was a voluntary statement, and the Court should not suppress it." (Emphasis added.)

In view of this statement by the State's Attorney, the State's argument that defendant was not a target must fail.

Turning to the State's second argument, section 112—4(b) of the Code of Criminal Procedure of 1963 requires that before any person against whom the State is seeking an indictment testifies, he shall be advised of his rights. 725 ILCS 5/112—4(b) (West 1996). The State argues that Billups was sufficiently admonished of his rights. The trial court's order succinctly answers the State's argument:

> "*Asking* a witness 'would you rather not talk to the Grand Jury at all and assert your Fifth Amendment right against self[-]incrimination[?]', does not equate to *advising* the witness of his 'right to *refuse* to answer any question that will tend to incriminate him.'
>
> *Asking* a witness 'are you willing to talk to the Grand Jury[?]', does not *explain* to a witness his *right to* not testify. *Asking* witnesses if they 'need to consult with an attorney', does not *explain* that they 'have the *right* to be *accompanied* by counsel who shall advise him of his rights *during* the proceedings'. Nor does the question emphasize the witness' [*sic*] right to counsel by stating that the witness 'will have counsel appointed for him if he cannot afford one'." (Emphasis added.)

The trial court found that the State failed to furnish defendant, a target of its investigation, with the warnings the statute requires. The trial court's finding and analysis are clearly supported by the record. See *People v. Flowers*, 179 Ill. 2d 257, 688 N.E.2d 626 (1997). We affirm the decision of the trial court suppressing defendant's testimony before the grand jury.

Order suppressing grand jury testimony affirmed; cause remanded.

KUEHN and WELCH, JJ., concur.